```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ALABAMA
                   SOUTHERN DIVISION
```

JAMES D. DOWNING,              }
                               }
     Plaintiff,                }
                               }    CIVIL ACTION NO.
v.                             }
                               }    98-AR-2172-S
THE BOARD OF TRUSTEES OF THE   }
UNIVERSITY OF ALABAMA, *etc.*, }
*et al.*,                      }
                               }
     Defendants.

**FILED**
00 JAN 18 PM 2:23
U.S. DISTRICT COURT
N.D. OF ALABAMA

**ENTERED**
JAN 18 2000

## MEMORANDUM OPINION

The court partially agrees with defendants' motion filed on January 13, 2000, asking for reconsideration of the order of December 27, 1999. Insofar as defendants' said motion contends that *Kimel v. Florida Board of Regents*, decided by the Supreme Court on January 11, 2000, establishes for the first time that the Eleventh Amendment is a bar to the claims of James D. Downing, plaintiff in the above-entitled cause, against The Board of Trustees of the University of Alabama, for its division, University of Alabama at Birmingham ("UAB") as to liability under the American With Disabilities Act ("ADA") and The Rehabilitation Act ("Rehab Act"), there is no logical way that the rationale employed by the five-justice majority in *Kimel*, an ADEA case, does not apply with equal force to ADA and Rehab Act cases against a state entity. In other words, *Kimel*, in effect, constitutes a razor-thin agreement with the view expressed by this court and by Judge Cox in his dissenting opinion on ADA immunity by state agencies in *Kimel v.*

1



*Florida Board of Regents*, 139 F.3d 1426 (11th Cir. 1998).

Although the four dissenting justices in *Kimel* make it clear that they will never let *stare decisis* stand in the way of their repudiating Eleventh Amendment immunity for states in federally mandated "civil rights" actions, if and when they pick up a vote, this court cannot wait to see which justice will first vacate a seat and who will fill it. Five justices may not establish the law for the losing four, but five justices do establish the law for this court.

Although UAB makes a legitimate argument for extending the *Kimel* rationale not only from ADEA to ADA and to the Rehab Act, but to Title VII's prohibitions against sex discrimination and retaliation, this court is not willing to take such a big step inasmuch as Title VII has been around longer than ADEA, ADA and the Rehab Act and has routinely and without question been applied to the state as an employer. This is not to say that the five might not take *Kimel* this next step if the right case comes along in time. Maybe this will be it.

A separate order consistent with this opinion will be entered.

DONE this 18th day of January, 2000.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE